# EXHIBIT A

SUPERIOR COURT OF THE DISTRICT OF
COLUMBIA CIVIL DIVISION
CIVIL ACTIONS BRANCH

FILED
CIVIL DIVISION
MAY 2 7 2022
Superior Court of the
District of Columbia

JAMES Q. BUTLER, *et al.,*
1600 Maryland Ave, NE #502
Maryland Ave NE Plaintiffs,
Washington DC 20002
v.

GEORGETOWN UNIVERSITY, *et al.*
3700 O St NW
Washington DC 20057 Defendants.

Case No.:
Judge:
Next event:

2022    2354

**COMPLAINT**

Plaintiff James Q. Butler ("Butler"), pro se, brings this action pursuant for injunctive

relief against Defendant Georgetown University. In support of his claims, Butler states as

follows:

1.      Plaintiff James Q. Butler ("Butler") is running for election for Mayor of

Washington D.C. He is on the ballot for the Democratic primary scheduled to proceed on June

21, 2022. Butler, a District of Columbia resident and former lawyer, was 5D03 Advisory

Neighborhood Commissioner. Butler is running on the slogan "people first," vowing to put

residents' priorities over developers, corporations, and other special interests.

2.      There are only three (3) other candidates on the Democratic ballot: Muriel Bowser

(the current Mayor); Robert White (a current Council member); and Tyron White (currently

Ward 8 Council member).

3.      Prior to announcing his general campaign primary run on June 24, 2021, Mr.

Butler formed an exploratory committee and accepted contributions for purposes of conducting

polling.

4.      On November 5 2021, Butler emailed Wesley Williams of the Office of

1

Campaign Finance asking if it was possible or if there was any procedure for him to convert his campaign from traditional financing to the Fair Elections Program (public financing). Exhibit A. Mr. Williams replied on November 15, 2021 that because Butler's campaign had used an exploratory committee and accepted campaign donations, they could not transition to the Fair Elections Program. Exhibit B.

5.      Accordingly, Butler is the only Democratic mayoral candidate who has been unable to use the city's public-financing program.

6.      On February 23, 2022, Georgetown University ("GU") announced The Georgetown University Institute of Politics and Public Service at the McCourt School of Public Policy (GU Politics) and WTTG FOX 5 DC will host a televised debate for Democratic candidates for Mayor of the District of Columbia. The event is being co-sponsored by the DC Democratic Party. GU's announcement stipulated the following criteria for participation in the debate:

> Any candidate who meets at least one of the following three criteria will qualify and tentatively be invited to participate in the debate pending final confirmation they have also qualified for the ballot:
>
> Have been certified as a "participating candidate" in the District's Fair Elections Program not later than via the May 10, 2022 Office of Campaign Finance Filing for Fair Elections Program participants, OR
>
> Have secured 1,000 campaign donations as demonstrated in the campaign's May 10, 2022 Office of Campaign Finance Filing for Traditional Campaign Committees, OR
>
> Are polling at 3% or greater in an independent public poll sponsored by a media organization released between February 1 and May 18, 2022." [Exhibit C.]

7.      Thereafter, GU invited Muriel Bowser, Robert White, and Tyron White. However, GU did not invite Butler to participate.

8.      On the same day of the announcement, Butler reached out via email to GU about

the debate, noting his lack of inclusion and desire to participate. Exhibit D.

9.      GU's representative Christopher Murphy ("Murphy") responded with a link to the criteria to be included in the debate, and encouraged Butler to reach out again when Butler's campaign met the criteria. Exhibit E.

10.      Butler replied seeking clarification as to donor/polling requirements. In his answer to Butler's request for clarification, Murphy pointed to a poll published by the Washington Post as "an example of an independent poll sponsored by a media organization," emphasizing that it was "not a campaign or private poll." As to campaign donors, Murphy encouraged Butler to "carefully read the language specifying criterion for candidates who are choosing to participate in the District's Fair Elections program and a parallel criterion for those who are not participating." Exhibit F.

11.      On April 25, 2022, Butler emailed Murphy, noting that his filing deadline as to donor/polling as a traditional campaign was June 10 rather than May 10, and inquiring how his campaign can prove their donors. To that end, Butler asked if his campaign could submit ActBlue account records to verify donors and meet the 1000 donor requirement to participate in the debate. Exhibit G.

12.      Murphy replied:

"Butler - I've consulted with our team. By COB on May 10th we should need to see ActBlue records and copies of checks and deposit slips for the 1,000 donors. And just to state what I hope was clear, a thousand donations of $1 from the same person (or something close to that) will not satisfy the eligibility criteria. Our assumption was that the thousand donors are a thousand distinct donors. I am sure we are already on the same page but just wanted to clarify to be certain.

Thanks again for asking the question. It's a good and fair one. I wonder if OCF tweaked and clarified their filing deadlines at some point after we rolled out the eligibility criteria." [Exhibit H.]

13.      Butler replied that because ActBlue check deposits run a week behind, the

campaign would not have everything necessary to prove its donors by May 10, but it did have

spreadsheets from ActBlue containing all the necessary information about the donors. Exhibit I.

14.    On May 2, 2022, a poll was conducted by the Washington Informer, a Black,

woman-owned multimedia news organization in the District of Columbia. A true and correct

copy of the Washington Informer poll results are as follows Exhibit J:

4

← **Tweet**

 **Washington Informer** ✔
@WashInformer                    ⋯

POLL - If the 2022 DC Mayoral race was today, who would you vote for?

| | |
|---|---|
| **James Butler** ✔ | **41%** |
| Robert C. White Jr | 38% |
| Trayon White Sr | 5% |
| Muriel Bowser | 16% |

176 votes · Final results

2:01 PM · 5/2/22 · Twitter for iPhone

5

15.    On May 2, 2022, Butler sent Murphy a link to the poll published by the Washington Informer, proving that Butler met the 3% polling requirement. Murphy replied that Twitter or online polls do not meet their "standard of an independent public poll...conducted by a pollster." Exhibit K.

16.    Murphy ignored the fact that GU's announcement specifically stated that the poll required would be "an independent public poll sponsored by a media organization released between February 1 and May 18, 2022." GU published no "standard of an independent poll," and the Washington Informer Poll clearly complied with the requirement of a poll independent from any particular candidate. Accordingly, the Washington Informer poll complied with GU's published requirements.

17.    On May 7, 2022, Butler emailed Murphy asking if the form his campaign was using to verify cash donors (many of whom gave around $1.00) was adequate to meet the requirement, and stated that the forms would be given to the OCF. Exhibit L.

18.    Murphy replied asking if the forms are signed/filled out in person by real people. Butler responded, *inter alia*, that: the forms were filled out by the donors and would be filed with OCF; the campaign does not have the donors sign as that was not part of OCF guidelines; the campaign's form requests exactly what ActBlue requested, and was in accord with OCF cash contribution guidelines as well. Exhibit M.

19.    On May 9, 2022, Butler emailed Murphy again, noting that his campaign's filing deadline was not the same as public finance candidates, and requested an extension of time until May 18. Exhibit N.

20.    Murphy replied: "Hey Butler - I think on this one it's pretty clear we can't say yes. We can't be moving the goal posts this late in the game to help or hurt any specific

candidate. I'm sorry." Exhibit O.

21.     Butler replied: "Thanks Chris … but is [sic] seems the rules were created without factoring in the dates of traditional candidates— only the ones taking public financing. So if anyone was hurt by this it's us…not them—everyone else already qualifies!" Exhibit P.

22.     Murphy replied that Butler's assertion was untrue, and that there was a "clear path" for traditional financing candidates to qualify, and stated:

> "The only thing that ended up slightly different from what we said when we announced the criteria originally was that we thought there was a May 10th OCF filing deadline for traditional candidates - as there was for public financed candidates. And you and I worked out a reasonable accommodation for that wrinkle." [Exhibit Q.]

23.     Butler replied that the only other poll was very dated and didn't include him, although arguably he would fall under the "none of these" category. [Exhibit R.]

24.     On May 10, 2022, Butler emailed Murphy again about the issue of the public poll. [Exhibit S.]

25.     Murphy responded:

> "Butler - I shared our position earlier. It has not changed. We are not in a position to favor or disfavor any candidates. We set forth impartial eligibility criteria months ago. We cannot change them now. We made a modest tweak to the form of meeting the May 10 eligibility deadline - because of prior confusion around the various OCF filing deadlines - that has no meaningful impact on the outcome of who qualifies. We cannot make a significant rule change for one candidate at the last minute. I'm sorry this was not the answer you are hoping for. I do hope you can understand." [Exhibit T.]

26.     Butler replied requesting that GU rely on the ActBlue records for the donor count, and/or push the due date to somewhere between May 10 and June 10, or to be considered in the "none of these" category of the Washington Post poll. Exhibit U.

27.     Murphy's final reply reemphasized that they are unwilling to change their position. Exhibit V.

## COUNT I – INJUNCTIVE RELIEF

28.     Paragraphs 1-27 are incorporated by reference herein as if set forth in their entirety.

29.     As more fully set forth in Plaintiff's Petition for Temporary Restraining Order or Preliminary Injunction and accompanying points and authorities, there is a high likelihood of success on the merits. Plaintiff has a real probability of succeeding on his claim because Defendant has partnered with local television station Fox5. Plaintiff has been excluded from the June 1, 2022 Fox 5 broadcast. By analogy, pursuant to 47 CFR 73.1941: "if any licensee shall permit any such candidate to use its facilities, it shall afford equal opportunities to all other candidates for that office to use such facilities." Mr. Butler is a "qualified candidate" pursuant to 47 CFR 73.1940(b)(1), as he is one of four (4) candidates who has "qualified for a place on the ballot." The same standard must be placed on GU, who has stepped into the public political arena and arranged the broadcast of this unfair debate. Mr. Butler must under the law be afforded an equal opportunity to speak.

30.     As more fully set forth in Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction and accompanying points and authorities, if Plaintiff s barred from the debate, the plaintiff will suffer injury that is of such a character that a fair and proper redress may not be achievable in a court. The Mayoral election in the District of Columbia is held, like in most places, every four years. Many voters learn of who is on the ballot from various mediums but in particular a large number of voters learn via television. If voters do not see Plaintiff in the only one of two televised debates – they may conclude his candidacy is not relevant, he suspended his campaign, or even that he has not made the ballot causing plaintiff to lose an undetermined amount of votes and no amount of compensatory relief could make plaintiff whole.

8

31.     The balance of convenience favors Plaintiff because there is simply no inconvenience to the Defendant by putting a fourth podium on the stage, as opposed to Butler's loss of this key opportunity to engage in the hotly contested Mayoral Race

32.     Injunctive relief in the form of a temporary restraining order, preliminary injunction, and permanent injunction is in the public interest. An order allowing Butler to participate in the debate serves the public interest because it allows certain marginalized populations in DC to know and understand that there is a candidate that represents their interests. Butler's campaign platform has been heavily focused on marginalized populations predominantly those east of the river. All three of Butler's opponents are career politicians and could arguably be said to be part of the establishment. Butler is the only one running on the Democratic ticket that is not part the establishment and gives many marginalized voters an option. Granting preliminary relief and allowing Butler to participate in the debate serves that interests.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a Temporary Restraining Order, Preliminary Injunction, and/or Permanent Injunction against Defendant Thomas ordering that an injunction compelling Defendant Georgetown University to permit Plaintiff to participate in the debate to be held for the Democratic Mayoral Primary at Georgetown University on June 1, 2022

Respectfully submitted:

James Q. Butler, *Pro Se*

DC 12/17/2024

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

James Q Butler
_____
                                    Plaintiff
                vs.

Georgetown University
_____
                                    Defendant

Case Number    **2 0 2 2    2 3 5 4**

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

James Butler, prose
_____
Name of Plaintiff's Attorney

James 1600 Maryland Ave, ne
Washington DC 20002
_____
Address

_____
Telephone
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

_____ Deputy Clerk

Date _____

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME_.

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                    Demandante

contra

                                                    Número de Caso: _____

_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                            Por: _____

_____
Dirección                                                    Subsecretario

_____

                                            Fecha _____

_____
Teléfono

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**CIVIL ACTIONS BRANCH**

| | |
|---|---|
| JAMES Q. BUTLER, *et al.*,<br><br>                              Plaintiff ,<br><br>v.<br><br>GEORGETOWN UNIVERSITY, *et al.*,<br><br>                              Defendants. | **Case No.:**<br>**Judge:**<br>**Next event:** |

### STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PLAINTIFF 'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff James Q. Butler moves for a temporary restraining order and a preliminary injunction compelling Defendant Georgetown University to permit Plaintiff to participate in the debate to be held  for the Democratic Mayoral Primary at Georgetown University on June 1, 2022. Injunctive relief is warranted under the applicable four-factor test. The specific grounds for the requested relief  are as follows:

### FACTUAL BACKGROUND

Plaintiff James Q. Butler ("Butler") is running for election for Mayor of Washington D.C. He is on the ballot for the Democratic primary scheduled to proceed on June 21, 2022. Butler, a District of Columbia resident and former lawyer, was 5D03 Advisory Neighborhood Commissioner.  Butler is running on the slogan "people first," vowing to put residents' priorities over developers, corporations, and other special interests.

There are only three (3) other candidates on the Democratic ballot: Muriel Bowser (the current Mayor); Robert White (a current Council member); and Tyron White (currently Ward 8

1

Council member).

Prior to announcing his general campaign primary run on June 24, 2021, Mr. Butler formed an exploratory committee and accepted contributions for purposes of conducting polling.

On November 5 2021, Butler emailed Wesley Williams of the Office of Campaign Finance asking if it was possible or if there was any procedure for him to convert his campaign from traditional financing to the Fair Elections Program (public financing). Exhibit A. Mr. Williams replied on November 15, 2021 that because Butler's campaign had used an exploratory committee and accepted campaign donations, they could not transition to the Fair Elections Program. Exhibit B.

Accordingly, Butler is the only Democratic mayoral candidate who has been unable to use the city's public-financing program.

On February 23, 2022, Georgetown University ("GU") announced The Georgetown University Institute of Politics and Public Service at the McCourt School of Public Policy (GU Politics) and WTTG FOX 5 DC will host a televised debate for Democratic candidates for Mayor of the District of Columbia. The event is being co-sponsored by the DC Democratic Party. GU's announcement stipulated the following criteria for participation in the debate:

> Any candidate who meets at least one of the following three criteria will qualify and tentatively be invited to participate in the debate pending final confirmation they have also qualified for the ballot:
>
> Have been certified as a "participating candidate" in the District's Fair Elections Program not later than via the May 10, 2022 Office of Campaign Finance Filing for Fair Elections Program participants, OR
>
> Have secured 1,000 campaign donations as demonstrated in the campaign's May 10, 2022 Office of Campaign Finance Filing for Traditional Campaign Committees, OR
>
> Are polling at 3% or greater in an independent public poll sponsored by a media organization released between February 1 and May 18, 2022." [Exhibit C.]

Thereafter, GU invited Muriel Bowser, Robert White, and Tyron White. However, GU did not invite Butler to participate.

2

On the same day of the announcement, Butler reached out via email to GU about the debate, noting his lack of inclusion and desire to participate. Exhibit D.

GU's representative Christopher Murphy ("Murphy") responded with a link to the criteria to be included in the debate, and encouraged Butler to reach out again when Butler's campaign met the criteria. Exhibit E.

Butler replied seeking clarification as to donor/polling requirements. In his answer to Butler's request for clarification, Murphy pointed to a poll published by the Washington Post as "an example of an independent poll sponsored by a media organization," emphasizing that it was "not a campaign or private poll." As to campaign donors, Murphy encouraged Butler to "carefully read the language specifying criterion for candidates who are choosing to participate in the District's Fair Elections program and a parallel criterion for those who are not participating." Exhibit F.

On April 25, 2022, Butler emailed Murphy, noting that his filing deadline as to donor/polling as a traditional campaign was June 10 rather than May 10, and inquiring how his campaign can prove their donors. To that end, Butler asked if his campaign could submit ActBlue account records to verify donors and meet the 1000 donor requirement to participate in the debate. Exhibit G.

Murphy replied:

"Butler - I've consulted with our team. By COB on May 10th we should need to see ActBlue records and copies of checks and deposit slips for the 1,000 donors. And just to state what I hope was clear, a thousand donations of $1 from the same person (or something close to that) will not satisfy the eligibility criteria. Our assumption was that the thousand donors are a thousand distinct donors. I am sure we are already on the same page but just wanted to clarify to be certain.

Thanks again for asking the question. It's a good and fair one. I wonder if OCF tweaked and clarified their filing deadlines at some point after we rolled out the eligibility criteria." [Exhibit H.]

Butler replied that because ActBlue check deposits run a week behind, the campaign would not have everything necessary to prove its donors by May 10, but it did have spreadsheets from ActBlue containing all the necessary information about the donors. Exhibit I.

On May 2, 2022, a poll was conducted by the Washington Informer, a Black, woman-owned multimedia news organization in the District of Columbia. A true and correct copy of the Washington Informer poll results are as follows Exhibit J:

4

← **Tweet**



**Washington Informer** ✔
@WashInformer

# POLL - If the 2022 DC Mayoral race was today, who would you vote for?

| | |
|---|---|
| James Butler ⊘ | **41%** |
| Robert C. White Jr | 38% |
| Trayon White Sr | 5% |
| Muriel Bowser | 16% |

176 votes · Final results

2:01 PM · 5/2/22 · Twitter for iPhone

5

On May 2, 2022, Butler sent Murphy a link to the poll published by the Washington Informer, proving that Butler met the 3% polling requirement. Murphy replied that Twitter or online polls do not meet their "standard of an independent public poll...conducted by a pollster." Exhibit K.

Murphy ignored the fact that GU's announcement specifically stated that the poll required would be "an independent public poll sponsored by a media organization released between February 1 and May 18, 2022." GU published no "standard of an independent poll," and the Washington Informer Poll clearly complied with the requirement of a poll independent from any particular candidate. Accordingly, the Washington Informer poll complied with GU's published requirements.

On May 7, 2022, Butler emailed Murphy asking if the form his campaign was using to verify cash donors (many of whom gave around $1.00) was adequate to meet the requirement, and stated that the forms would be given to the OCF. Exhibit L.

Murphy replied asking if the forms are signed/filled out in person by real people. Butler responded, *inter alia*, that: the forms were filled out by the donors and would be filed with OCF; the campaign does not have the donors sign as that was not part of OCF guidelines; the campaign's form requests exactly what ActBlue requested, and was in accord with OCF cash contribution guidelines as well. Exhibit M.

On May 9, 2022, Butler emailed Murphy again, noting that his campaign's filing deadline was not the same as public finance candidates, and requested an extension of time until May 18. Exhibit N.

Murphy replied: "Hey Butler - I think on this one it's pretty clear we can't say yes. We can't be moving the goal posts this late in the game to help or hurt any specific candidate. I'm sorry." Exhibit O.

Butler replied: "Thanks Chris ... but is [sic] seems the rules were created without factoring in the dates of traditional candidates—only the ones taking public financing. So if anyone was hurt

6

by this it's us...not them—everyone else already qualifies!" Exhibit P.

Murphy replied that Butler's assertion was untrue, and that there was a "clear path" for

traditional financing candidates to qualify, and stated:

> "The only thing that ended up slightly different from what we said when we announced the
> criteria originally was that we thought there was a May 10th OCF filing deadline for
> traditional candidates - as there was for public financed candidates. And you and I worked
> out a reasonable accommodation for that wrinkle." [Exhibit Q.]

Butler replied that the only other poll was very dated and didn't include him, although

arguably he would fall under the "none of these" category. [Exhibit R.]

On May 10, 2022, Butler emailed Murphy again about the issue of the public poll. [Exhibit

S.]

Murphy responded:

> "Butler - I shared our position earlier. It has not changed. We are not in a position to favor or
> disfavor any candidates. We set forth impartial eligibility criteria months ago. We cannot
> change them now. We made a modest tweak to the form of meeting the May 10 eligibility
> deadline - because of prior confusion around the various OCF filing deadlines - that has no
> meaningful impact on the outcome of who qualifies. We cannot make a significant rule
> change for one candidate at the last minute. I'm sorry this was not the answer you are hoping
> for. I do hope you can understand." [Exhibit T.]

Butler replied requesting that GU rely on the ActBlue records for the donor count, and/or

push the due date to somewhere between May 10 and June 10, or to be considered in the "none of

these" category of the Washington Post poll. Exhibit U.

Murphy's final reply reemphasized that they are unwilling to change their position. Exhibit

V.

---

[1] This statement of facts is drawn from the affidavit of James Q. Butler, attached as Exhibit A.

## ARGUMENT

Preliminary injunctive relief is warranted where Plaintiff can clearly demonstrate:
(1) that he has a substantial likelihood of success on the merits; (2) that the Plaintiff will be in
danger of suffering irreparable injury if injunctive relief is denied; (3) that more harm will result
to the Plaintiff from denial of the injunction than will result to the Defendants if such relief is
granted; and, in appropriate cases, (4) that injunctive relief would further the public interest. *See
In re Estate of Reilly*, 933 A.2d 830, 834 (D.C. 2007) (quoting *Feaster v. Vance*, 832 A.2d 1277,
1287 (D.C. 2003)). These factors interrelate on a "sliding scale" and must be balanced against
each other. *See Salvaterro v. Ramirez*, No. 14-FM-1006, slip op. at 3 (D.C. Dec. 15, 2014)
(quoting *Serono Labs., Inc. v. Shalala*, 158 F.3d 1313, 1318 (D.C. Cir. 1998)). "If the arguments
for one factor are particularly strong, an injunction may issue even if the arguments in other
areas are rather weak." *Serono Labs.*, 158 F.3d at 1318 (quoting *CityFed Fin. Corp. v. Office of
Thrift Supervision*, 58 F.3d 738, 746, 313 U.S. App. D.C. 178 (D.C. Cir. 1995)).

Here, all factors are strongly in favor of Butler.

## I.    BUTLER HAS A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS OF HIS CLAIM.

Plaintiff can show that he has a real probability of success on the merits. We ask this court
to consider whether the complaint has raised questions going to the merits that are substantial as to
make them fair grounds for litigation and a more thorough investigation. Plaintiff should be granted
injunctive relief because the complaint raises serious and substantial questions about the legality of
defendants requirements to participate in such a debate.

Plaintiff has a real probability of succeeding on his claim because Defendant has partnered
with local television station Fox5.

Mr. Butler has been excluded from the June 1, 2022 Fox 5 broadcast, and Mr. Butler has

requested that Fox 5 and Defendant afford him an equal opportunity pursuant to 47 CFR 73.1941,

that states: "if any licensee shall permit any such candidate to use its facilities, it shall afford equal

opportunities to all other candidates for that office to use such facilities."

> The regulation further states at subsection (e):

> Discrimination between candidates. In making time available to candidates for
> public office, no licensee shall make any discrimination between candidates in
> practices, regulations, facilities, or services for or in connection with the service
> rendered pursuant to this part, or make or give any preference to any candidate for
> public office or subject any such candidate to any prejudice or disadvantage; nor
> shall any licensee make any contract or other agreement which shall have the effect
> of permitting any legally qualified candidate for any public office to broadcast to
> the exclusion of other legally qualified candidates for the same public office.
> [Emphasis added.]

Mr. Butler is a "qualified candidate" pursuant to 47 CFR 73.1940(b)(1), as he is one of four

(4) candidates who has "qualified for a place on the ballot."

Mr. Butler must under the law be afforded an equal opportunity to speak.

## II.    BUTLER WILL BE IRREPARABLY INJURED.

In the absence of injunctive relief, the plaintiff will suffer injury that is of such a character

that a fair and proper redress may not be achievable in a court. The Mayoral election in the District

of Columbia is held, like in most places, every four years. Many voters learn of who is on the ballot

from various mediums but in particular a large number of voters learn via television. If voters do

not see Plaintiff in the only one of two televised debates – they may conclude his candidacy is not

relevant, he suspended his campaign, or even that he has not made the ballot.

This, of course, will cause plaintiff to lose an undetermined amount of votes and no amount

of compensatory relief could make plaintiff whole. Once the race is over, it's over. Even if plaintiff

was able to run his own TV ads, this still does not allow the voters to see how the plaintiff compares

side-by-side with his opponents, in a live televised debate.

### III.     THE BALANCE OF EQUITIES FAVORS MR. BUTLER.

The equities to the parties must be balanced, and the Court must consider whether more harm will result to the Plaintiff from denial of the injunction than will result to the defendants if such relief is granted. *See In re Estate of Reilly*, 933 A.2d at 834. The balance of convenience favors Plaintiff because there is simply no inconvenience to the Defendant by putting a fourth podium on the stage, as opposed to Butler's loss of this key opportunity to engage in the hotly contested Mayoral Race

### IV.     THE PUBLIC FAVORS THE RELIEF REQUESTED.

An order allowing Mr. Butler to participate in the debate serves the public interest because it allows certain marginalized populations in DC to know and understand that there is a candidate that represents their interests. Mr. Butler's campaign platform has been heavily focused on marginalized populations predominantly those east of the river.

All three of Mr. Butler's opponents are career politicians and could arguably be said to be part of the establishment. Mr. Butler is the only one running on the Democratic ticket that is not part the establishment and gives many marginalized voters an option. Granting preliminary relief and allowing Mr. Butler to participate in the debate serves that interests.

### CONCLUSION

For the reasons set forth herein, Plaintiff James Q. Butler respectfully requests that temporary restraining order and a preliminary injunction compelling Defendant Georgetown University to permit Plaintiff to participate in the debate to be held for the Democratic Mayoral Primary at Georgetown University on June 1, 2022.

**ORAL HEARING REQUESTED**               Respectfully submitted:

_____/s/_____

10

James Q. Butler, pro se

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on this [] day of [], a copy of the foregoing Statement of Points and Authorities in Support of Plaintiff ' Application for Temporary Restraining Order and Motion for Preliminary Injunction was filed and served via [] on the following parties:

[]

[]

Personal service of the aforementioned document was attempted as of the same date at the same addresses, and will be pursued until confirmation of receipt in some form is obtained.

_/s/_ _____

[]

12

# EXHIBIT A

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**CIVIL ACTIONS BRANCH**

JAMES Q. BUTLER, *et al.*,

                 Plaintiff ,

v.

GEORGETOWN UNIVERSITY, *et al.*,

**Case No.:**
**Judge:**
**Next event:**

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

     Plaintiff, James Q. Butler, *pro se*, and pursuant to Super. Ct. Civ. R. 65(b), applies for a temporary restraining order to immediately compel Defendant to permit Plaintiff to participate in the debate to be held for the Democratic Mayoral Primary at Georgetown University on June 1, 2022. The specific grounds for this application are set forth in the accompanying statement of points and authorities. A proposed order is filed herewith.

     Per Super. Ct. Civ. R. 12-I (a), Plaintiff has repeatedly asked Defendants to grant the requested relief. Defendants has consistently refused or ignored the requests.

**ORAL HEARING REQUESTED**

                        Respectfully submitted:

                        James Q. Butler, *Pro Se*
                        Address

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27 day of MAY, 2022, a copy of the foregoing

Plaintiff' Application for Temporary Restraining Order and Statement of Points and Authorities

in support thereof were filed and served via CaseFileXpress, and served via hand-delivery, on

the following parties:


        Personal service of the aforementioned documents was attempted as of the same date at

the same addresses, and will be pursued until confirmation of receipt in some form is obtained.

                                                James Q. Butler

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**CIVIL ACTIONS BRANCH**

| |
|---|
| JAMES Q. BUTLER, *et al.*, |
| Plaintiff, |
| v. |
| GEORGETOWN UNIVERSITY, *et al.*, |

**Case No.:**
**Judge:**
**Next event:**

## TEMPORARY  RESTRAINING  ORDER

The Court has considered Plaintiff James Q. Butler's Application for a Temporary Restraining Order ("Application"), Plaintiff's Statement of Points and Authorities in support thereof, any opposition thereto, and the applicable law.

For the reasons set forth in Plaintiff's Statement of Points and Authorities, the Court believes that the Plaintiff will likely succeed on the merits of his claims.  The Court further believes that the Plaintiff will suffer an irreparable injury in the absence of a Temporary Restraining Order, and that the harm to the Plaintiff in the absence of a Temporary Restraining Order outweighs the harm to the Defendants by the injunctive relief requested.  Finally, the public interest is not implicated in this case such as to affect the Court's conclusions.

Accordingly, this _____ day of _____, 2022, at _____ a.m./p.m., it is hereby

**ORDERED** that Plaintiff's Application for a Temporary Restraining Order is **GRANTED.** It is further

**ORDERED** that Defendant Georgetown University shall permit Plaintiff James Q. Butler to participate in the debate to be held  for the Democratic Mayoral Primary at Georgetown University on June 1, 2022

prohibited from [].


_____
Judge, Superior Court for the District of Columbia

Copy:

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**CIVIL ACTIONS BRANCH**

| | |
|---|---|
| JAMES Q. BUTLER, *et al.*, | |
| Plaintiff , | **Case No.:** |
| | **Judge:** |
| v. | **Next event:** |
| GEORGETOWN UNIVERSITY, *et al.*, | |

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff James Q. Butler, pro se, pursuant to Super. Ct. Civ. R. 65(a), moves for a

preliminary injunction to compel Defendant to permit Plaintiff to participate in the a debate

would be held for the Democratic Mayoral Primary on June 1, 2022. The specific grounds for

this motion are set forth in the accompanying statement of points and authorities. A proposed

order is attached.

Per Super. Ct. Civ. R. 12-I(a), Plaintiff has repeatedly asked Defendants to grant the

requested relief. Defendants have consistently refused or ignored the requests.

**ORAL HEARING REQUESTED**                    Respectfully submitted:

                                                    /s/
                                              James Q. Butler
                                              *Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this [], a copy of the foregoing Plaintiff 's Motion for Preliminary

Injunction and Statement of Points and Authorities in support thereof were filed and served

Personal service of the aforementioned documents was attempted as of the same date at

the same addresses, and will be pursued until confirmation of receipt in some form is obtained.

<u>        /s/                          </u>
James Q. Butler

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**CIVIL ACTIONS BRANCH**

JAMES Q. BUTLER, *et al.*,

                        Plaintiff ,

v.

GEORGETOWN UNIVERSITY, *et al.*,

**Case No.:**
**Judge:**
**Next event:**

### ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

The Court has considered Plaintiff ' January 15, 2015 Motion for Preliminary Injunction ("Motion"), Plaintiff ' Statement of Points and Authorities in support thereof, any opposition thereto, and the applicable law.

For the reasons set forth in Plaintiff ' Statement of Points and Authorities, the Court believes that the Plaintiff is likely to succeed on the merits of his claims. The Court further believes that the Plaintiff will suffer an irreparable injury in the absence of a Preliminary Injunction, and that the harm to the Plaintiff in the absence of a Preliminary Injunction outweighs the harm to the Defendants by the injunctive relief requested. Finally, the public interest is not implicated in this case such as to affect the Court's conclusions.

Accordingly, this _____ day of _____, 2022, at _____ a.m./p.m., it is hereby

**ORDERED** that Plaintiff ' Motion for a Preliminary Injunction is **GRANTED.** It is further

**ORDERED** that Defendants permit Plaintiff to participate in the a debate would be held for the Democratic Mayoral Primary on June 1, 2022

[]

_____
Judge
Superior Court of the District of Columbia

Copy:

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**CIVIL ACTIONS BRANCH**

| | |
|---|---|
| JAMES Q. BUTLER, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>GEORGETOWN UNIVERSITY, *et al.*,<br><br>　　　　　　　　　Defendants. | **Case No.:**<br>**Judge:**<br>**Next event:** |

## AFFIDAVIT OF JAMES Q. BUTLER

I, James Q. Butler, upon personal knowledge, state as follows:

1.　　I am running for election for Mayor of Washington D.C, and am on the ballot for the Democratic primary scheduled to proceed on June 21, 2022. I am a District of Columbia resident and former lawyer, as well as the former 5D03 Advisory Neighborhood Commissioner. I am running on the slogan "people first," vowing to put residents' priorities over developers, corporations, and other special interests.

2.　　There are only three (3) other candidates on the Democratic ballot: Muriel Bowser (the current Mayor); Robert White (a current Council member); and Tyron White (currently Ward 8 Council member).

3.　　Prior to announcing my general campaign primary run on June 24, 2021, I formed an exploratory committee and accepted contributions for purposes of conducting polling.

4.　　On November 5 2021, I emailed Wesley Williams of the Office of Campaign Finance asking if it was possible or if there was any procedure for me to convert my campaign from traditional financing to the Fair Elections Program (public financing). Exhibit A. Mr. Williams replied on November 15, 2021 that because my campaign had used an exploratory

committee and accepted campaign donations, we could not transition to the Fair Elections Program. Exhibit B.

5.      Accordingly, I am the only Democratic mayoral candidate who has been unable to make use of the city's public-financing program.

6.      On February 23, 2022, Georgetown University ("GU") announced that The Georgetown University Institute of Politics and Public Service at the McCourt School of Public Policy (GU Politics) and WTTG FOX 5 DC will host a televised debate for Democratic candidates for Mayor of the District of Columbia. The event is being co-sponsored by the DC Democratic Party. GU's announcement stipulated the following criteria for participation in the debate:

> Any candidate who meets at least one of the following three criteria will qualify and tentatively be invited to participate in the debate pending final confirmation they have also qualified for the ballot:

> Have been certified as a "participating candidate" in the District's Fair Elections Program not later than via the May 10, 2022 Office of Campaign Finance Filing for Fair Elections Program participants, OR

> Have secured 1,000 campaign donations as demonstrated in the campaign's May 10, 2022 Office of Campaign Finance Filing for Traditional Campaign Committees, OR

> Are polling at 3% or greater in an independent public poll sponsored by a media organization released between February 1 and May 18, 2022." [Exhibit C.]

7.      Thereafter, GU invited Muriel Bowser, Robert White, and Tyron White. However, GU did not invite me to participate.

8.      On the same day of the announcement, I reached out via email to GU about the debate, noting my lack of inclusion and desire to participate. Exhibit D.

9.      GU's representative Christopher Murphy ("Murphy") responded with a link to the criteria to be included in the debate, and encouraged me to reach out again when my campaign met the criteria. Exhibit E.

10.     I replied to Murphy seeking clarification as to donor/polling requirements. In his

2

answer to my request for clarification, Murphy pointed to a poll published by the Washington Post as "an example of an independent poll sponsored by a media organization," emphasizing that it was "not a campaign or private poll." As to campaign donors, Murphy encouraged me to "carefully read the language specifying criterion for candidates who are choosing to participate in the District's Fair Elections program and a parallel criterion for those who are not participating." Exhibit F.

11.     On April 25, 2022, I emailed Murphy, noting that my filing deadline as to donor/polling as a traditional campaign was June 10 rather than May 10, and inquiring how my campaign can prove our donors. To that end, I asked if my campaign could submit ActBlue account records to verify our donors and meet the 1000 donor requirement to participate in the debate. Exhibit G.

12.     Murphy replied:

"Butler - I've consulted with our team. By COB on May 10th we should need to see ActBlue records and copies of checks and deposit slips for the 1,000 donors. And just to state what I hope was clear, a thousand donations of $1 from the same person (or something close to that) will not satisfy the eligibility criteria. Our assumption was that the thousand donors are a thousand distinct donors. I am sure we are already on the same page but just wanted to clarify to be certain.

Thanks again for asking the question.  It's a good and fair one. I wonder if OCF tweaked and clarified their filing deadlines at some point after we rolled out the eligibility criteria." [Exhibit H.]

13.     I replied that because ActBlue check deposits run a week behind, my campaign would not have everything necessary to prove our donors by May 10, but that we did have spreadsheets from ActBlue containing all the necessary information about the donors. Exhibit I.

14.     On May 2, 2022, a poll was conducted by the Washington Informer, a Black, woman-owned multimedia news organization in the District of Columbia. A true and correct copy of the Washington Informer poll results are as follows Exhibit J:

3

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET          **2022   .2354**

James Q. Butler

Case Number: _____

vs

Georgetown University et Al

Date: 5/27/2022

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* James Q. Butler | Relationship to Lawsuit |
| Firm Name: | ☐ Attorney for Plaintiff |
| Telephone No.:          Six digit Unified Bar No.: | ☑ Self (Pro Se) |
| | ☐ Other: _____ |

TYPE OF CASE: ☑ Non-Jury       ☐ 6 Person Jury       ☐ 12 Person Jury   *Injuctive Relief*

Demand: $_____       Other: *Injuctive Relief*

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____   Judge: _____   Calendar #:_____

Case No.:_____   Judge: _____   Calendar#:_____

---

**NATURE OF SUIT:**     *(Check One Box Only)*

**A. CONTRACTS**                    **COLLECTION CASES**

☐ 01 Breach of Contract          ☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty          ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 27 Insurance/Subrogation                ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                Over $25,000 Pltf. Grants Consent         Over $25,000 Consent Denied
☐ 13 Employment Discrimination   ☐ 07 Insurance/Subrogation                ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees           Under $25,000 Pltf. Grants Consent        Under $25,000 Consent Denied
                                 ☐ 28 Motion to Confirm Arbitration
                                      Award (Collection Cases Only)

---

**B. PROPERTY TORTS**

☐ 01 Automobile          ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion          ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

---

**C. PERSONAL TORTS**

☐ 01 Abuse of Process          ☐ 10 Invasion of Privacy                  ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection   ☐ 11 Libel and Slander                         Not Malpractice)
☐ 03 Assault and Battery       ☐ 12 Malicious Interference               ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury   ☐ 13 Malicious Prosecution            ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)   ☐ 14 Malpractice Legal                ☐ 20 Friendly Suit
☐ 06 False Accusation          ☐ 15 Malpractice Medical (Including Wrongful Death)   ☐ 21 Asbestos
☐ 07 False Arrest              ☐ 16 Negligence- (Not Automobile,        ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                          Not Malpractice)                     ☐ 23 Tobacco
                                                                         ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☒ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid-Off Certificate Consent Granted

_____
Attorney's Signature

5/27/2022
Date

CV-496/ June 2015



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

JAMES Q BUTLER
Vs.                                          C.A. No.        2022 CA 002354 B
GEORGETOWN UNIVERSITY

## INITIAL ORDER AND ADDENDUM

**Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:**

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(1) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

**Chief Judge Anita M. Josey-Herring**

Case Assigned to:  Judge HEIDI M PASICHOW
Date:      May 27, 2022
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, September 16, 2022
Location:  Courtroom 516
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides,   "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825  Two  separate  Early  Mediation  Forms  are  available.    Both  forms  may  be  obtained  at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

CAIO-60

**Civil Remote Hearing Instructions for Participants**

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

Option 1: **(AUDIO ONLY/Dial-in by Phone):**

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

- *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise.  If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the **Audio Alternative**

Option 2: **(LAPTOP/ DESKTOP USERS 1):**

    Open Web Browser in Google Chrome and copy and paste following address from the next page:
    https://dccourts.webex.com/meet/XXXXXXXXX

Option 3: **(LAPTOP/ DESKTOP USERS 2):**

    Open Web Browser in Google Chrome and copy and paste following address
    https://dccourts.webex.com   Select **Join**, enter the Meeting ID from the next page



**AUDIO ALTERNATIVE:**  Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window.  Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video.

Option 4: **(Ipad/SMART PHONE/TABLET):**

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

    **For Technical Questions or issues Call: (202) 879-1928, Option #2**

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).**  After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom.  Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

CAIO-60

| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
|-----|-----|-----|-----|
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |

CAIO-60