IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES Q. BUTLER,<br><br>      *Plaintiff,*<br> v.<br><br>GEORGETOWN UNIVERSITY,<br><br>      *Defendant.* | Case No. 1:22-cv-01517 |

MOTION TO DISMISS AND
OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

**INTRODUCTION**

Plaintiff James Q. Butler ("Butler"), a candidate in the Democratic primary for the Mayor of Washington, D.C., filed a lawsuit in DC Superior Court on Friday, May 27, 2022, asking that Court to compel his inclusion in a televised debate being hosted on June 1, 2022 by the Georgetown University Institute of Politics and Public Service and WTTG Fox 5 DC. Defendant, Georgetown University ("Georgetown"), removed the case to this Court on May 30, 2022. *See* ECF 1. Plaintiff's filing in DC Superior Court also requested a temporary restraining order, *see* ECF 1-1, at 26-29 ("Application for Temporary Restraining Order"), and a preliminary injunction, *see* ECF 1-1, at 30-33 ("Motion for Preliminary Injunction"), ECF 1-2 (same).

Plaintiff's Complaint is facially deficient and must be dismissed because it fails to identify any cause of action against Georgetown. The Complaint's single count only requests injunctive relief, which is not a stand-alone claim. *See Dentons US LLP v. Republic of Guinea,* 208 F. Supp. 3d 330, 341–42 (D.D.C. 2016) (noting the "noncontroversial proposition" that a "request for injunctive relief is a remedy and does not assert any separate cause of action"). A complaint without a cause of action is no complaint at all. *See Unsuck DC Metro v. Wash. Metro. Area Transit Auth.*, No. 20-7051, 2022 WL 683403, at *2 (D.C. Cir. Feb. 11, 2022) ("Without a cause of action, [Plaintiff] cannot ultimately succeed on the merits of its suit."). While Plaintiff is a Pro Se litigant, he has a law degree and practiced for years before being disbarred.[1] He should have been well aware of the need to plead a cause of action.

In addition to this threshold fatal defect in Plaintiff's case, his request for injunctive relief should be denied for additional reasons. For example, he cannot demonstrate there is a substantial

---

[1] *In re Butler*, 982 A.2d 1147 (D.C. 2009) (per curiam) (ordering Plaintiff's disbarment); *In re Butler*, 173 A.3d 86 (D.C. 2017) (per curiam) (denying Plaintiff's request for reinstatement).

likelihood that he will prevail on the merits since he failed to even state a claim upon which relief may be granted, or that more harm will result to him from the denial of the injunction than will result to Georgetown if it is forced to allow his participation at the last minute, particularly in light of Georgetown's interest in ensuring both the educational value and quality of the debate, and fairness to other candidates who satisfied the criteria for inclusion in the debate.

## STATEMENT OF RELEVANT FACTS

The criteria for invitation to participate in the debate were publicized in advance. Compl. at ¶ 6. Georgetown's February 23, 2022 announcement set out the following:

> Any candidate who meets at least one of the following three criteria will qualify and tentatively be invited to participate in the debate pending final confirmation they have also qualified for the ballot:
>
> Have been certified as a "participating candidate" in the District's Fair Elections Program not later than via the May 10, 2022 Office of Campaign Finance Filing for Fair Elections Program participants, OR
>
> Have secured 1,000 campaign donations as demonstrated in the campaign's May 10, 2022 Office of Campaign Finance Filing for Traditional Campaign Committees, OR
>
> Are polling at 3% or greater in an independent public poll sponsored by a media organization released between February 1 and May 18, 2022.

*Id.*; *see also* https://politics.georgetown.edu/2022/02/23/georgetown-university-institute-of-politics-and-public-service-fox-5-dc-will-host-televised-debate-on-june-1-for-the-democratic-mayoral-primary/.

After the announcement, Plaintiff and Georgetown exchanged a series of email messages about how Plaintiff could satisfy Georgetown's selection criteria. *Id.* at ¶ 8. In response to Plaintiff's question about the polling requirement, Georgetown identified the Washington Post poll as an example of an "independent poll sponsored by a media organization" that was "not a campaign or private poll." *Id.* at ¶ 10.

2

Plaintiff also had questions about the donations requirement. *Id.* Because he was not participating in the District's Fair Elections Program, Plaintiff asked whether his campaign could meet the donations requirement by submitting ActBlue account records instead of "the campaign's May 10, 2022 Office of Campaign Finance Filing for Traditional Campaign Committees." *Id.* at ¶ 11. Georgetown agreed to accommodate Plaintiff's request, and reiterated that Plaintiff was required to meet the May 10, 2022 deadline. Id. at ¶ 12.

On May 2, 2022, Plaintiff sent Georgetown a link to what he described as a "poll," conducted via Twitter by the Washington Informer. *Id.* at ¶¶ 14–15. Georgetown advised Plaintiff that "Twitter or online polls do not meet their 'standard of an independent public poll…conducted by a pollster.'" *Id.* at ¶ 15.

Then, in the days leading up to the May 10, 2022 deadline, the parties exchanged additional emails about the verification of donors. *Id.* at ¶¶ 17–19. On May 9, 2022, Plaintiff requested an extension of the deadline to submit the required proof of donations. *Id.* at ¶ 19. Georgetown denied Plaintiff's request for an extension, stating that it "can't be moving the goal posts this late in the game to help or hurt any specific candidate." *Id.* at ¶ 20. Plaintiff sent several follow-up emails in which he asked for special consideration from Georgetown because he was financing using a traditional campaign committee, as opposed to running as a publicly-financed candidate. *Id.* at ¶¶ 21–24.

On May 10, 2022, Georgetown declined Plaintiff's additional requests, stating it had "set forth impartial eligibility criteria months ago" and could not "change them now." *Id.* at ¶ 25. Plaintiff received Georgetown's final reply that same day, stating that Georgetown was "unwilling to change their position." *Id.* at ¶ 27. Plaintiff responded later that day, telling Georgetown he

3

would "seek our injunctive relief with the court." Seventeen days later—and only one full business day before the June 1 debate—Plaintiff filed this lawsuit.

## ARGUMENT

**I.     Plaintiff's Complaint should be dismissed because he has failed to state a claim upon which relief can be granted**

"A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) is designed to 'test[] the legal sufficiency of a complaint.'" *Dentons*, 208 F. Supp. 3d at 337 (quoting *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002)). Courts first "'tak[e] note of the elements a plaintiff must plead to state [the] claim' to relief, and then determine whether the plaintiff has pleaded those elements with adequate factual support to 'state a claim to relief that is plausible on its face.'" *Id.* at 337-38 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). More fundamentally, "[w]ithout a cause of action, [a plaintiff] cannot ultimately succeed on the merits of its suit." *Unsuck DC Metro*, 2022 WL 683403, at *2.

### A.     The Complaint's count for injunctive relief is not a stand-alone claim, and Plaintiff has not asserted any cause of action

A request for injunctive relief is "a remedy and does not assert any separate cause of action." *Dentons*, 208 F. Supp. 3d at 341–42. Specifically, it is "a form of relief to redress the other claims asserted by Plaintiff." *Base One Techs., Inc. v. Ali*, 78 F. Supp. 3d 186, 199 (D.D.C. 2015). Here, Plaintiff's Complaint only contains "Count I – Injunctive Relief." Plaintiff has not asserted any separate cause of action. Because Count I is not a stand-alone claim, this Court must dismiss Plaintiff's Complaint for failure to state a claim. *See Guttenberg v. Emery*, 41 F. Supp. 3d 61, 70 (D.D.C. 2014) (dismissing plaintiff's injunctive relief claim for failure to state a claim).

In "Count I – Injunctive Relief," Plaintiff argues he "has a real probability of succeeding on his claim because Defendant has partnered with local television station Fox5" and "Plaintiff has been excluded from the June 1, 2022 Fox 5 broadcast." Compl. ¶ 29. Leaving aside that

Plaintiff has failed to allege at all—and certainly has not plausibly alleged, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)—a cause of action against Fox 5, Plaintiff has not set forth or plausibly alleged a cause of action *against Georgetown* for unexplained conduct by Fox 5. *See id*.

II.     **Plaintiff does not satisfy the requirements for an injunction, and inexcusably delayed in the filing of this lawsuit**

A preliminary injunction is an "extraordinary remedy" which may only be granted after Plaintiff has made a "clear showing" that four factors, taken together, warrant relief: likely success on the merits; likely irreparable harm in the absence of preliminary relief; a balance of the equities in its favor; and accord with the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008); *see also Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1291–92 (D.C. Cir. 2009). "When seeking a preliminary injunction, the movant has the burden to show that all four factors, taken together, weigh in favor of the injunction." *Davis*, 571 F.3d at 1292. Plaintiff fails to meet any of the necessary requirements warranting the "extraordinary remedy" of a preliminary injunction, and inexcusably delayed filing leaving only one full business day before the June 1 debate.

A.     **There is not a substantial likelihood Plaintiff will succeed on the merits, and he failed to establish danger of suffering irreparable harm**

Plaintiff's Complaint suffers from fatal deficiencies, making it clear there is not a "substantial likelihood that he will prevail on the merits." *See id.* First, as described above in Section I, Plaintiff has failed to assert any cause of action, much less plausibly alleged a cause of action. Second, Plaintiff argues he "should be granted injunctive relief because the complaint raises serious and substantial questions about the legality of defendants [sic] requirements to participate in such a debate." Statement of P. & A. in Support of Pl.'s App. for TRO and Pl.'s Mot. for Prelim. Inj., ECF 1-3 at 31. But Plaintiff cites to no legal authority that prohibits Georgetown from setting out selection criteria for participation in the debate. In fact, the DC

5

Circuit affirmed the dismissal of similar claims against a non-profit organization that excluded candidates from its televised debates. *See Johnson v. Comm'n on Presidential Debates*, 869 F.3d 976, 983 (D.C. Cir. 2017). Thus, this Court cannot find that Plaintiff's claims are substantially likely to prevail.

Plaintiff also cannot show he is in danger of "suffering irreparable harm." Plaintiff argues that if he is excluded from the televised debate, it will cause him to "lose an undetermined amount of votes." ECF 1-3 at 32. Yet Plaintiff cites to no authority for this speculation, and his affidavit served on Georgetown on May 27, 2022 cuts off at page three, and contains no mention of the kind irreparable harm Plaintiff claims to face. Moreover, in *Johnson*, the DC Circuit affirmed the dismissal of candidate claims alleging that debate exclusion caused them to "lose access to television audiences and resulting campaign contributions," similar to Plaintiff here. *Johnson*, F.3d at 981.

### B.     The balancing of interests favors Georgetown

Plaintiff argues that "[t]he balance of convenience favors [him] because there is simply no inconvenience to the Defendant by putting a fourth podium on the stage, as opposed to Butler's loss of this key opportunity to engage in the hotly contested Mayoral Race." ECF 1-3 at 33. Plaintiff also claims that because he "is the only one running on the Democratic ticket that is not part of the establishment [sic]," the public interest will be served by allowing "certain marginalized populations in DC to know and understand that there is a candidate that represents their interests." *Id.*

Plaintiff's argument, that a given candidate desiring to participate in a debate must be included, has long been rejected by the courts. Indeed, the Supreme Court has even held that a public television broadcaster has the right to limit the ballot-qualified candidates invited to participate in a debate. *See Ark. Educ. Television Comm'n v. Forbes*, 523 U.S. 666, 681, 683

6

(1998).  Contrary to Plaintiff's assertion that "putting a fourth podium on the stage" would be "no inconvenience" to Georgetown, the Supreme Court recognized that a program editor "[o]n logistical grounds alone . . . might decide that the inclusion of all ballot-qualified candidates would actually undermine the educational value and quality of debates."  *Id.* at 681 (quotation marks omitted).  Here, where Georgetown is a private university, the right of a debate host to set neutral qualification criteria is even clearer.

The issuance of a preliminary injunction would serve no purpose other than to disrupt a long-planned debate at the last moment.  It could also, as the Supreme Court warned, repress free speech, as future debate hosts "faced with the prospect of cacophony, on the one hand, and First Amendment liability, on the other," might choose not to host at all.  *See id.* at 681.  Thus, the Court should find that the balancing of interests also weighs in Georgetown's favor.

## C. Plaintiff's delay in filing suit was inexcusable and is a separate ground for denial

Plaintiff's Complaint admits that on May 10, 2022, Georgetown's "final reply reemphasized that they [were] unwilling to change their position."  Compl. ¶ 27.  But Plaintiff's Complaint omit the parties' full exchange—specifically, Plaintiff's response to Georgetown, in which he asserted, on May 10, 2022, that he would "seek our injunctive relief with the court."  Plaintiff did not follow through, however, until the afternoon of Friday, May 27, 2022—more than two weeks later, leaving only one full business day before the debate.

"Courts have found that '[a]n unexcused delay in seeking extraordinary injunctive relief may be grounds for denial because such delay implies a lack of urgency and irreparable harm.'"  *Open Top Sightseeing USA v. Mr. Sightseeing, LCC*, 48 F. Supp. 3d 87, 90 (D.D.C. 2014) (quoting *Newdow v. Bush*, 355 F. Supp. 2d 265, 292 (D.D.C. 2005)).  "[A] party requesting a preliminary

7

injunction must generally show reasonable diligence." *Benisek v. Lamone*, 138 S. Ct. 1942, 1944 (2018) (per curiam).

Plaintiff waited until the last possible moment, on a Friday before a three-day holiday weekend, to file his Complaint. This delay—which caused Defendant to retain counsel, and prepare responses to Plaintiff's filings, over the holiday—is inexcusable and underscores the frivolous nature of this lawsuit. Again, Plaintiff has a law degree and practiced for years before being disbarred. He should have been well aware of the consequences of his delay. Accordingly, the Court should deny Plaintiff's motion for failure to show reasonable diligence.

## CONCLUSION

For all of the foregoing reasons, the Court should grant Defendant's motion to dismiss, deny Plaintiff's motion for a preliminary injunction, and deny Plaintiff's application for a temporary restraining order.

Dated: May 31, 2022                                              Respectfully Submitted,

                                                                                    */s/ Scott E. Gant*

                                                    Scott E. Gant (D.C. Bar ID 455392)
                                                    BOIES, SCHILLER FLEXNER LLP
                                                    1401 New York Avenue, NW
                                                    Washington, DC  20005
                                                    Tel: (202) 237-2727
                                                    Fax: (202) 237-6131
                                                    sgant@bsfllp.com

                                                    *Attorney for Georgetown University*