UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES Q. BUTLER**, <br><br> Plaintiff, <br><br> v. <br><br> **GEORGETOWN UNIVERSITY**, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 22-cv-1517 (TSC) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

Plaintiff James Q. Butler, a candidate in the Democratic primary for the Mayor of Washington, D.C., has sued Georgetown University and filed a Motion for Preliminary Injunction, seeking to compel Defendant to allow him to participate in a mayoral debate that Georgetown is hosting on June 1, 2022. *See* ECF No. 1, Notice of Removal, Complaint, and Pl.'s Mot. Defendant has moved to dismiss. ECF No. 2, Def.'s Mot. Upon consideration of the parties' pleadings and oral arguments made at a June 1, 2022, hearing, and for reasons explained herein, the court will DENY Plaintiff's Motion for Preliminary Injunction and GRANT Defendant's Motion to Dismiss.

### I.   BACKGROUND

#### A.   Findings of Fact

On February 23, 2022, Defendant announced that on June 1, 2022, its Institute of Politics and Public Service and WTTG FOX 5 D.C. will host a televised debate for Democratic candidates for Mayor of the District of Columbia. *Id.* ¶ 6. The event is being co-sponsored by the D.C. Democratic Party. *Id.* Defendant announced the following criteria for participation in the debate:

> Any candidate who meets at least one of the following three criteria will qualify and tentatively be invited to participate in the debate pending final confirmation they have also qualified for the ballot:
>
> a. Have been certified as a "participating candidate" in the District's Fair Elections Program not later than via the May 10, 2022 Office of Campaign Finance Filing for Fair Elections Program participants, OR
>
> b. Have secured 1,000 campaign donations as demonstrated in the campaign's May 10, 2022 Office of Campaign Finance Filing for Traditional Campaign Committees, OR
>
> c. Are polling at 3% or greater in an independent public poll sponsored by a media organization released between February 1 and May 18, 2022.

*Id.*

Defendant subsequently invited three mayoral candidates who it determined met its selection criteria to participate in the June 1 debate: the incumbent Mayor Muriel Bowser, Robert White, and Trayon White. *Id.* ¶ 7. Soon thereafter, Plaintiff and counsel for Defendant exchanged a series of emails about Defendant's determination that Plaintiff had not met the selection criteria. *Id.* ¶¶ 8-27.

In response to Plaintiff's question about the polling requirement, Defendant pointed to a Washington Post poll as an example of an "independent poll sponsored by a media organization" that was "not a campaign or private poll," *id.* at ¶ 10, and it rejected Plaintiff's suggestion that it should rely on a Twitter poll posted by the Washington Informer, a local newspaper, *id.* ¶ 15.

During this exchange, Defendant agreed to allow Plaintiff to meet the donations requirement by submitting ActBlue account records instead of "the campaign's May 10, 2022 Office of Campaign Finance Filing for Traditional Campaign Committees." *Id.* at ¶ 6, 11-12. On May 9, 2022, Plaintiff requested an extension of the deadline to submit the required proof of donations. *Id.* at ¶ 19. Defendant denied Plaintiff's request for an extension, stating that it "can't be moving the goal posts this late in the game to help or hurt any specific candidate." *Id.* at ¶ 20.

On May 10, 2022, in response to Defendant's additional requests, Defendant stated it was "unwilling to change [its] position." *Id.* at ¶ 27.

### B. Procedural Background

On Friday, May 27, 2022, Plaintiff filed a Complaint in DC Superior Court, petitioning the court for a temporary restraining order and preliminary injunction ordering Defendant to permit him to participate in the June 1 debate. *See id.* ¶ 29.

On May 30, 2022, Defendant filed a Notice of Removal in this court, contending that this court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and it may be removed to this court under 28 U.S.C. §§ 1441 and 1446. Notice of Removal at 1. Upon removing to this court, Defendant filed a Motion to Dismiss and Opposition to Plaintiff's Motion for Preliminary Injunction.

On June 1, 2022, the court held oral argument on Plaintiff's Motion for Preliminary Injunction and Defendant's Motion to Dismiss. At the time of the hearing, Plaintiff had not filed an opposition to Defendant's Motion to Dismiss, but, in light of the fact that the debate was scheduled for later that day, he agreed to make his opposition orally and waived his right to file a written opposition. *See* Hr. Tr. at 4:16–5:7.

## II.  LEGAL STANDARD

### A. Motion for Preliminary Injunction

A preliminary injunction is an "extraordinary" remedy that "should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion." *Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004). To prevail on a motion for preliminary injunction, the movant bears the burden of showing that he is likely to succeed on the merits, he is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor, and an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S.

7, 20 (2008).  A request for injunctive relief is "a remedy and does not assert any separate cause of action."  *Dentons US LLP v. Republic of Guinea*, 208 F. Supp. 3d 330, 341 (D.D.C. 2016).

  B.  <u>**Motion to Dismiss**</u>

   A motion to dismiss under Rule 12(b)(6) for failure to state a claim "tests the legal sufficiency of a complaint."  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  The complaint must contain enough facts to state a claim that is plausible on its face by alleging facts that, if assumed to be true, would allow the court to draw "reasonable inference[s] that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 US 662, 677-78 (2009); *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 555-56 (2007).  The court presumes the truth of a plaintiff's factual allegations, *see Iqbal*, 556 U.S. at 679, and construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," *Hettinga v. United States*, 677 F.3d 471 (D.C. Cir. 2012) (citations omitted).  Though Plaintiff is a lawyer, it appears he has not practiced in some time,[1] and the court construes his pleadings liberally in his favor.  *See Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008).

### III. ANALYSIS

   Plaintiff's Complaint contains one count, "Count I – Injunctive Relief."  Compl. at 8.  He states that he "has a real probability of succeeding on his claim because Defendant has partnered with local television station Fox5" and "Plaintiff has been excluded from the June 1, 2022, Fox 5 broadcast."  *Id.*  In support of this argument, he relies on the Code of Federal Regulations:  47 C.F.R. 73.1940 and 73.1941.  *Id.*  The parties agree that these are Federal Communications

---

[1] *In re Butler*, 982 A.2d 1147 (D.C. 2009) (per curiam) (ordering Plaintiff's disbarment); *In re Butler*, 173 A.3d 86 (D.C. 2017) (per curiam) (denying Plaintiff's request for reinstatement).

Commission regulations, which serve as the enforcement regulation for Section 315 of the Communications Act of 1934, 47 U.S.C. § 315(a).  *See* Hr. Tr. at 8:23–9:2 (June 1, 2022).

Section 315(a) of the Communications Act and Section 73.1941 of the Commission's rules require that if a broadcast station allows a legally qualified candidate for any public office to use its facilities (*i.e.*, make a positive identifiable appearance on the air), it must give equal opportunity to all other candidates for that office to also use the station.  47 U.S.C. § 315(a); 47 C.F.R. 73.1941(a).  However, certain news-related programs are exempt from this requirement, including coverage of a "bona fide news event," 47 U.S.C. § 315(a)(4), which the FCC and courts have said includes coverage of political debates, even when the debate is sponsored by the broadcasting station, *see In re Geller*, No. 82-564, 95 F.C.C.2d 1236, 1983 WL 182998, *7 (1983), *aff'd*, *League of Women Voters Educ. Fund v. F.C.C.*, 731 F.2d 995 (D.C. Cir. Mar. 8, 1984); *accord Branch v. F.C.C.*, 824 F.2d 37, 46 n.11 (D.C. Cir. 1987).

As an initial matter, Section 315 of the Communications Act and related regulations appear inapplicable to the upcoming debate, which likely qualifies as a "bona fide news event" and would therefore be excluded from the equal opportunity requirement.  The Act and applicable regulations do not appear to apply to Defendant, which is a private institution and not a "station licensee," defined as "the holder of a radio station license."  47 U.S.C. § 153(30).

In any event, Plaintiff's Motion for Preliminary Injunction is doomed for a more fundamental reason: he fails to state a valid cause of action.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Although Congress may grant certain rights by statute, an aggrieved party may only sue for a violation of those rights if Congress expressly or implicitly created a private cause of

action. *See Touche Ross & co. v. Redington*, 442 U.S. 560, 568, 570-76 (1979). That is not the case here.

Neither Section 315(a) of the Communications Act nor Section 73.1941 of the Commission's rules creates a private right of action. *See Schneller v. WCAU Channel 10*, 413 F. App'x 424, 426 (3d Cir. 2011) (affirming dismissal because "there is no private cause of action under that statutory provision."); *McCarthy v. Nat'l Broad. Co.*, 162 F.3d 1148, * 3 (2d Cir. 1998) (same); *Forbes v. Ark. Educ. Television Commc'n Network Found.*, 22 F.3d 1423, 1427 (8th Cir. 1994) (same); *Levinson v. N.H. Pub. Television*, No. 11-cv-589-PB, 2012 WL 1148259, at *3-*4 (D.N.H. Mar. 6, 2012) (same); *Amsterdam v. KITV 4 Television Station*, No. 10-00253DAE-KSC, 2010 WL 3489358, at *6 (D. Haw. Aug. 31, 2010) (same). Rather, "[t]he proper course for raising a claim under section 315 [of the Communications Act] is to file a complaint with the FCC." *Schneller*, 413 F. App'x at 426. *See also Rosenberg v. City of Everett*, 328 F.3d 12, 16 (1st Cir. 2003) ("Candidates who feel they have not received equal time may file a complaint with the FCC."); *Forbes*, 22 F.3d at 1427 (explaining that the "proper course of action is to bring his claim before the Federal Communications Commission").

"The Communications Act 'requires an application for review to the full [FCC] as a prerequisite to judicial review of decisions made under delegated authority.'" *Schneller*, 413 F. App'x at 426-27 (citing *Ala. Power Co. v. FCC*, 311 F.3d 1357, 1366 (11th Cir. 2002); 47 U.S.C. § 155(c)(7)). There is nothing in the record to indicate that Plaintiff sought or obtained review of his claim with the FCC, and therefore he cannot assert a claim under the Communications Act.

At the June 1, 2022, hearing, Plaintiff argued that his claim is also grounded in equity, and that "equitable remedies [may] also be . . . considered by the court," even absent an

underlying cause of action. Hr. Tr. at 7:5-13, 30:14-20. The court disagrees. Courts of equity remain "subject to express and implied statutory limitations." *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327 (2015). Without statutory intent to create a private right and private remedy, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001). In cases such as this, where a statute "implicitly precludes private enforcement, [Plaintiff] cannot, by invoking [this court's] equitable powers, circumvent Congress's exclusion of private enforcement." *Armstrong*, 575 U.S. at 327.

Ultimately, Plaintiff has failed to state a cause of action, and thus is not likely to succeed on the merits of his claim, *Unsuck DC Metro v. Wash. Metro. Area Transit Auth.*, No. 20-7051, 2022 WL 683403, at *2 (D.C. Cir. Feb. 11, 2022) ("[W]ithout a cause of action, [Plaintiff] cannot ultimately succeed on the merits of its suit."), and he falls short of the Rule 12(b)(6) bar requiring plaintiffs to state a valid claim for relief, *see Twombly*, 550 U.S. at 555-56.

## IV.   CONCLUSION

For the reasons explained above, the court will DENY Plaintiff's Motion for Preliminary Injunction and GRANT Defendant's Motion to Dismiss.

Date: June 1, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge